FILED '11 MAY 23 09:24 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLUMBIA HELICOPTERS, INC.,                    Civ. No. 08-6415-AA
an Oregon corporation,
                                                OPINION AND ORDER
          Plaintiff,

     v.

CARSON HELICOPTERS, INC.,
a Pennsylvania corporation
formerly named "Carson
Services, Inc.,"

          Defendant.

_____

AIKEN, Chief Judge:

     Plaintiff Columbia Helicopters, Inc. (Columbia) brought suit

against defendant Carson Helicopters, Inc. (Carson), alleging

breach of contract, anticipatory breach of contract and declaratory

relief.  Columbia now moves for partial summary judgment as to

liability on its breach of contract claims.  Carson opposes the

motion and maintains that, at a minimum, genuine issues of material

fact preclude summary judgment.

1 - OPINION AND ORDER

On May 17, 2011 the court heard oral argument on Columbia's motion for partial summary judgment. For the reasons set forth below, the motion is denied.

BACKGROUND

Columbia and Carson sell, lease, and maintain helicopter aircraft, and Columbia also provides repair and maintenance services. In 1990, the parties entered into a Repair/Overhaul Service Agreement (Agreement), under which Columbia agreed to perform repair and maintenance services for Carson's helicopters.

The Agreement contains an indemnity clause in Paragraph 10 that provides in relevant part:

> . . . [Carson] agrees to indemnify, defend and hold harmless [Columbia] from and against any and all claims made by any party or parties whomsoever, based upon any act or omission, whether negligent or otherwise, of [Columbia] in the performance of the Repair/Overhaul services provided hereunder which exceed the sum of five million United States dollars (U.S. $5,000,000) for any one individual claim or ten million United States dollars (U.S. $10,000,000) for all claims in the aggregate arising out of any one occurrence.

Complaint, Ex. 1, p. 9.

On August 5, 2008, a Sikorsky S-61 helicopter owned by Carson crashed in the Shasta-Trinity National Forest in Northern California. Nine passengers were killed and four others survived, suffering severe injuries.

Columbia was named as a defendant in several lawsuits alleging that Columbia and other defendants were negligent in numerous respects, including the maintenance and repair of the Sikorsky S-61

2 - OPINION AND ORDER

helicopter and its component parts. Columbia did not tender
defense of these lawsuits to Carson or otherwise demand that Carson
defend Columbia in these actions.[1] Columbia instead tendered
defense to its insurer, who accepted the tender without reservation
of right and assigned defense counsel to defend Columbia in these
actions.

On December 31, 2008, Columbia filed suit against Carson
alleging claims for breach of contract, anticipatory breach of
contract, and declaratory judgment. Columbia moved for summary
judgment on its claim for declaratory relief and sought a
declaration that the indemnity provision in Paragraph 10 of the
Agreement obligates Carson to defend Columbia against claims
arising from the August 2008 helicopter crash.

The court granted summary judgment in favor of Columbia and
found that the Agreement created a duty to defend on the part of
Carson. Accordingly, the court entered judgment in favor of
Columbia on its claim for declaratory judgment. Carson appealed
the court's ruling, and the Ninth Circuit affirmed.

After the Ninth Circuit issued its ruling, Columbia demanded

---

[1]At oral argument, Columbia asserted that Carson had denied
tender of defense by Columbia. However, Columbia previously
admitted that it had not tendered defense to Carson or demanded
that Carson defend Columbia, and that Columbia had instead
tendered defense to its insurer. Def.'s Resp. to Pl.'s Concise
Statement of Material Facts, Carson's Concise Statement of
Material Facts ¶¶ 17-20 (doc. 70); Reply to Def.'s Resp. to
Concise Statements of Facts, Resp. to Additional Facts ¶¶ 17-20
(doc. 76). Columbia cannot now contest these facts.

3 - OPINION AND ORDER

reimbursement from Carson for the past and future costs of defending claims arising from the helicopter crash. In support of its demand, Columbia provided heavily redacted legal billing statements. Carson declined to pay the demand and raised several issues with respect to the amount sought and the redacted documents supporting the demand. This motion followed.

## DISCUSSION

Columbia moves for partial summary judgment on its claims for anticipatory breach of contract and breach of contract. Columbia argues that Carson has given notice that it will not reimburse Columbia for future defense costs and has refused to reimburse Columbia for costs already incurred in defending claims arising from the 2008 helicopter crash.[2] Columbia maintains that Carson has forfeited the right to question the reasonableness of the claimed defense costs, as well as the right to claim immunity under Oregon workers' compensation laws. Columbia thus argues that Carson's refusal to pay Columbia's past and future defense costs constitutes an anticipatory and actual breach of Carson's duty to defend under the Agreement.

Carson contends that Columbia's motion is premature. Specifically, Carson argues that Columbia's complaint seeks neither

___

[2]The parties have entered into a stipulation regarding Carson's duty to indemnify. Therefore, the only issue raised in this motion is whether Carson breached its contractual duty to defend.

the actual enforcement of Carson's contractual duty to defend nor recovery of defense costs.  Instead, Carson emphasizes that the Complaint alleges breach of contract based on Carson failure to indemnify and seeks damages accordingly.  See Complaint, p. 5 ("Carson refused to indemnify [Columbia] in litigation arising out of the August 2008.").  Thus, Carson contends that, at the very least, Columbia's motion is premature until Columbia amends its complaint to allege breach of the duty to defend.

Columbia responds that its allegations are broad enough to include Carson's breach of the duty to defend, in that the Complaint alleges that "Carson breached its contractual obligations to [Columbia] by failing to comply with the Contract's indemnity provision."  Complaint, p. 5.  Because the indemnity provision includes the duty to defend, Columbia argues that its Complaint sufficiently alleges a breach of that duty.

It is questionable whether the Complaint's mere reference to the indemnity provision, standing alone, provides sufficient notice that Columbia alleges a breach of the duty to defend.  However, given Columbia's previous motion for summary judgment and the proceedings on appeal, Carson unquestionably has been on notice that Columbia seeks to recover the costs of defending claims related to the helicopter crash.  Therefore, while Columbia could have and possibly should have alleged this claim with more specificity, I do not find that such amendment is necessary before

ruling on Columbia's motion for partial summary judgment.

That said, I deny the motion because Columbia fails to set forth undisputed facts establishing that Carson has breached its duty to reimburse Columbia for the costs of defending claims arising from the helicopter crash. Notably, Columbia did not tender its defense of claims to Carson. Instead, Columbia tendered defense to its insurer and the sought reimbursement of defense costs after the Ninth Circuit affirmed this court's opinion. In seeking reimbursement, Columbia issued a letter demand to Carson asserting $2.4 million in defense costs. Attached to the letter were redacted billing statements that reflected the attorney who provided the services, the date on which services were rendered, and the amount billed, with no other information provided. See Leveridge Decl., Ex. 1, pp. 4-18. Columbia demanded payment of these costs within ten days. Columbia later indicated that it would seek appointment of a special master to ascertain the proper amount of defense costs.

In response, Carson asserted that Columbia's demand for payment was unreasonable given the remaining legal issues surrounding Carson's duty and the heavily redacted billing statements that made it difficult for Carson to evaluate the demand. Counsel for Carson stated: "We are willing to work with you and Columbia to try and sort out the remaining issues relating to the defense costs issues, but we will not be threatened by

unilateral unreasonable deadlines." Leveridge Decl., Ex. 2, p. 1.
Further, Carson asked Columbia to provide less redacted billing
statements so that Carson and its insurer could review them, and
Carson asserted its opposition to Columbia's motion for appointment
of special master (a motion that has since been denied). Finally,
Carson indicated that it was not inclined to reimburse the costs of
defending two claims against Columbia brought by employees of
Carson, based on Oregon workers' compensation laws. See Or. Rev.
Stat. § 656.018 (an employer's duty under workers' compensation
scheme is the "exclusive" liability "in place of all other
liability arising out of [workplace] injuries ... including claims
for contribution or indemnity asserted by third persons.").

In other words, Carson has questioned the amount of defense
costs tendered by Columbia and the deadline for payment, opposed
appointment of a special master, and raised a defense under
Oregon's workers compensation statutes. Construing all inferences
in favor of Carson, the facts presented hardly reflect an outright
denial, refusal, or repudiation by Carson of its duty to defend.
It is not unreasonable of Carson to request additional time to
review less redacted billing statements to ensure that the $2.4
million sought represents reasonable and necessary costs of
defending claims brought against Columbia.

Moreover, I reject Columbia's contention that Carson cannot
dispute the amount of the claimed defense costs or their

7 - OPINION AND ORDER

reasonableness; it is a well-accepted principle that such fees and costs must be reasonable.  See <u>Nw. Pump & Equip. Co. v. Am. States Ins. Co.</u>, 144 Or. App. 222, 230, 925 P.2d 1241 (1996); <u>Greenbrier Co., Inc. v. Am. Dynasty Surplus Lines Ins. Co.</u>, 2008 WL 3887643 (D. Or. Aug. 21, 2008).  Likewise, I do not find that Carson is precluded, under the doctrine of claim preclusion or otherwise, from raising a defense under Oregon workers' compensation law. First, claim preclusion generally applies to claims that could have been raised by a party in an earlier proceeding, and here, Carson's argument is raised in the same proceeding.  <u>Bloomfield v. Weakland</u>, 339 Or. 504, 510-11, 123 P.3d 275 (2005).  Second, at the time of Columbia's previous summary judgment motion, Carson's employees had not brought claims against Columbia and the issue was not ripe for review.  Third, Columbia's previous motion addressed only whether the Agreement created an enforceable obligation to defend and did not request or seek reimbursement for defending specific claims against Columbia.  Thus, as indicated during oral argument, I will allow Carson to amend its answer, after Columbia amends its complaint, and raise an affirmative defense under Or. Rev. Stat. § 656.018.[3]

---

[3]At oral argument, the parties indicated that the applicability of workers' compensation law to claims brought by Carson employees remains an outstanding issue in an underlying state court action.  Thus, it is premature to determine whether Or. Rev. Stat. § 656.018 bars Columbia from seeking the costs of defending such actions.

8 - OPINION AND ORDER

In sum, the determination of whether Carson's conduct constitutes a breach or anticipatory breach of its duty is premature and, at minimum, a question of fact.

## CONCLUSION

For the reasons explained above, genuine issues of material fact preclude summary judgment on Columbia's breach of contract claims, and Columbia's motion for partial summary judgment (doc. 63) is DENIED. As indicated at oral argument, Columbia shall file an amended complaint alleging its duty to defend claim with more specificity, and Carson shall file an amended answer accordingly. IT IS SO ORDERED.

Dated this 20th day of May, 2011.

_____
Ann Aiken
United States District Judge

9 - OPINION AND ORDER